UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY NELSON RUDAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>　　　　Defendants. | No. 1:19-cv-00241-JLT<br><br>**ORDER DIRECTING CLERK OF COURT TO REDESIGNATE ACTION AS A CIVIL RIGHTS COMPLAINT UNDER <u>BIVENS</u>** |

On February 19, 2019, Plaintiff filed the instant civil rights complaint in this Court. The case was erroneously opened as a 28 U.S.C. § 2241 habeas corpus action. The Court finds that the plaintiff does not seek habeas corpus relief and that the proper avenue for his complaints is a <u>Bivens</u> action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Accordingly, the Court will direct the Clerk of Court to REDESIGNATE the matter as a <u>Bivens</u> action.

**DISCUSSION**

In the complaint, Plaintiff names Kirstjen Neilson, Director of Department of Homeland Security, David W. Jennings, Field Office Director, and George C. Zoley, Chairman and CEO of GEO Group, as Defendants. (Doc. 1 at 3.) Plaintiff states he suffers from renal failure and requires dialysis at least three times per week. He states that he has constant skin punctures from dialysis treatment. He submits that his immune system is susceptible to infection and common

1

communicable diseases, and he is at grave risk of contracting an infection or disease. Plaintiff alleges that Defendants have caused him to suffer cruel and unusual punishment in violation of the Eighth Amendment by failing to protect him from said unhealthy and life-threatening dangers by placing him in a crowded, unsanitary dormitory setting rather than a sanitary location such as a hospital. (Doc. 1 at 5.) He also complains that if he were to be deported or removed to Belize, he would not be able to obtain adequate medical care. (Id.) For relief, Petitioner requests that he be housed in an environment that is medically compatible with his condition.

In reviewing the complaint, it is clear the plaintiff seeks to pursue civil rights claims and does not challenge the fact of his detention. He does not request relief sounding in habeas corpus. See Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979) (upholding dismissal of petition challenging conditions of confinement, the Ninth Circuit noted that "the writ of habeas corpus is limited to attacks upon the legality or duration of confinement"). Therefore, the action will be redesignated.

**ORDER**

For the foregoing reasons, the Court DIRECTS the Clerk of Court to redesignate this matter as a civil rights action pursuant to Bivens.

IT IS SO ORDERED.

Dated: **February 22, 2019**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE