# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY NELSON RUDAN,<br><br>            Plaintiff,<br><br>    v.<br><br>IMMIGRATION & CUSTOMS ENFORCEMENT, et al.,<br><br>            Defendants. | Case No. 1:19-cv-00241-JLT (PC)<br><br>**ORDER TO SHOW CAUSE WHY PLAINTIFF'S *IN FORMA PAUPERIS* STATUS SHOULD NOT BE REVOKED**<br><br>**(Docs. 2, 4)**<br><br>**21-DAY DEADLINE** |

    This case was opened erroneously as a 28 U.S.C. § 2241 habeas corpus action. The Court determined that Plaintiff does not seek habeas corpus relief and redesignated it as a civil *Bivens* action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Upon review, the Court notes that Plaintiff failed to provide certification of his trust account balance as required on the form IFP application and has not subsequently submitted any such information. Thus, it appears that Plaintiff's *in forma pauperis* status should be revoked. Since this action proceeds now under *Bivens*, instead of § 2241, different filing fees apply.

    The fee for filing a habeas petition is $5.00, 28 U.S.C. § 1914, which is waived on showing of poverty. However, the filing fee for civil actions is $400.00 -- $350 of which is required by 28 U.S.C. § 1914(a) and a $50 administrative fee per 28 U.S.C. § 1914, note 14. A

party who cannot afford to pay that amount in a lump sum, may apply for *in forma pauperis* status under 28 U.S.C. § 1915. This section states:

> (b)(1) . . . if a prisoner brings a civil action or files an appeal *in forma paperis*, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of –
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Thus, *in forma pauperis* status does not waive the civil action filing fee for incarcerated or detained plaintiffs; it allows the plaintiff to make payments on the filing fee until it is paid in full. Hence, if Plaintiff desires to proceed *in forma pauperis* in this action, he must submit a certification of his trust account balance. Thereafter, monthly withdrawals will be made from his inmate trust account to make payments on his filing fees for the present action and any other civil actions of Plaintiff's. Such withdrawals will continue until the filing fees in all of Plaintiff's civil actions are paid in full, regardless of whether the action remains pending or is dismissed.

Accordingly, the Court **ORDERS** that **within 21 days** of the date of service of this order, Plaintiff **SHALL** show cause why his *in forma pauperis* status should not be revoked; alternatively, Plaintiff may submit a certification of his trust account balance for the 6-month period immediately preceding the filing of the complaint, or he may file a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated: **March 8, 2019**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

2