# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY NELSON RUDAN,<br><br>  Plaintiff,<br><br>  v.<br><br>IMMIGRATION & CUSTOMS ENFORCEMENT, et al.,<br><br>  Defendants. | Case No. 1:19-cv-00241-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS AND TO DISMISS WITHOUT PREJUDICE**<br><br>**(Docs. 2, 4, 7)**<br><br>**21-DAY DEADLINE**<br><br>**Clerk to Assign a District Judge** |

This case was opened erroneously as a 28 U.S.C. § 2241 habeas corpus action. The Court determined that Plaintiff does not seek *habeas corpus* relief and redesignated it as a civil action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Since this action proceeds now under *Bivens*, instead of § 2241, different filing fees apply. Upon review, the Court noted that Plaintiff failed to provide certification of his trust account balance as required on the *in forma pauperis* application form and has not subsequently submitted any such information. Thus, the Court ordered Plaintiff to show cause why his *in forma pauperis* status should not be revoked. (Doc. 7.) Plaintiff has not filed a response.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110.

1

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Not only did Plaintiff not file a response to the Court's order, he has also not filed a response to any of the other orders of the Court issued on February 25, 2019. (Doc. 6-1.) In fact, it appears that Plaintiff is no longer in custody, has not kept the Court informed of his current address, as ordered in the First Informational Order, (Doc. 6), and has abandoned this action. (*See* entries for mail returned as undeliverable on February 27, 2010, March 4, 2019, and March 18, 2019.) Based on Plaintiff's failure both to comply with the Court's orders and to prosecute this action, there is no alternative but to dismiss the action.

Accordingly, the Court **RECOMMENDS** that this action be dismissed based on Plaintiff's failure to obey a court order and to prosecute this action, 42 U.S.C. § 1997e (a). The Clerk of the Court is directed to randomly assign a District Judge to this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21-days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///
///
///
///

Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 9, 2019**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE